SUMMARY ORDER

Petitioner Hong Lan Li, a native and citizen of China, seeks review of the December 12, 2008 order of the BIA denying her motion to reopen. In re Hong Lan Li, No. A077 051 236 (B.I.A. Dec. 12, 2008). We assume the parties’ familiarity with the underlying facts and procedural history of the case.
We review the BIA’s denial of a motion to reopen for abuse of discretion, mindful of the Supreme Court’s admonition that such motions are “disfavored.” Ali v. Gonzales, 448 F.3d 515, 517 (2d Cir.2006) (citing INS v. Doherty, 502 U.S. 314, 322-23, 112 S.Ct. 719, 116 L.Ed.2d 823 (1992)). Here, we conclude that the BIA did not abuse its discretion in denying Li’s motion to reopen as untimely. An alien may file only one motion to reopen and must do so within 90 days of the final administrative decision. 8 C.F.R. § 1003.2(c)(2). It is beyond dispute that Li’s motion was untimely. Moreover, the BIA properly found that Li’s motion did not qualify for an exception to the time limitations. See 8 C.F.R. § 1003.2(c)(3)(ii).
A change in personal circumstances, such as Li’s recent involvement with the Chinese Democracy Party, is not evidence of changed country conditions. See Wei Guang Wang v. BIA, 437 F.3d *66 270, 273-74 (2d Cir.2006); Li Yong Zheng v. U.S. Dep’t of Justice, 416 F.3d 129, 130-31 (2d Cir.2005). Furthermore, the BIA reasonably found that persecution of pro-democracy activists has been ongoing in China and that Li failed to establish that this type of persecution had changed since her last hearing in 2003.
Further, while Li suggests that the BIA erred in failing to consider all of her evidence, a review of the record reveals that the BIA reasonably considered her evidence and found that it failed to overcome the IJ’s adverse credibility determination. See Wei Guang Wang, 437 F.3d at 273-75; Qin Wen Zheng v. Gonzales, 500 F.3d 143, 147 (2d Cir.2007). Accordingly, the BIA’s denial of Li’s motion to reopen was not an abuse of discretion. See 8 C.F.R. § 1003.2(c).
The BIA also properly determined that Li was not eligible to file a successive asylum application based solely on her changed personal circumstances. See Yuen Jin v. Mukasey, 538 F.3d 143, 156 (2d Cir.2008); Matter of C-W-L-, 24 I. & N. Dec. 346 (B.I.A.2007). Because Li’s failure to demonstrate changed country conditions was alone proper grounds upon which to deny her motion to reopen, see 8 U.S.C. § 1229a (e)(7)(C)(ii); Yuen Jin, 538 F.3d at 156, we need not reach the issue of whether Li was prima facie eligible for CAT relief.
For the foregoing reasons, the petition for review is DENIED. As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot. The pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).